GARCÍA Y GONZÁLEZ, Appellant, *v.* THE REGISTRAR OF
PROPERTY OF GUAYAMA, Appellee.

No. 925.   Submitted July 9, 1934.—Decided July 18, 1934.

*Victor M. Pérez Gil* for appellant.   The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
Court.

The clerk of the District Court of Guayama addressed to
the Registrar of Property of the same district an order that
literally transcribed reads as follows:

"IN THE DISTRICT COURT OF THE JUDICIAL DISTRICT OF GUAYAMA.
—García y González, plaintiff, *v.* Juan Basilio Rivera, Defendant.—
Civil No. 9604.—Concerning: the recovery of money.

"United States of America, The President of the United States,
SS.

"WRIT TO RECORD AN ATTACHMENT.—To the Hon. Registrar of
Property of Guayama.—Sir:

"WHEREAS: In the above stated action this Hon. Court has
issued an order that literally transcribed reads thus:

"ORDER.—Having before us the complaint and the motion to
secure the effectiveness of the judgment in the instant case, as well
as a copy of deed number 103 executed before Notary Public Juan
B. Nogueras in the year 1928; in view of Sections 1, 2(*b*), 4, 5, and
9 of the Law to Secure the Effectiveness of Judgments approved
March 1, 1902, as subsequently amended; and as it appears from
the record that the obligation claimed is the payment of a sum of
money, that is, $364 principal and interests on said sum at the rate
of 12% per annum from August 11, 1928 until final payment thereof;
that said interests have been estimated at $181.54, and an additional
sum of $150 agreed upon as attorney's fees and $50 for costs in
case of judicial proceedings to collect the debt; that the amount

claimed is embodied in an authentic document, to wit, the afore-mentioned deed; and as the defendant is the owner of a farm described as follows:

" 'Rural: Land tenement 20 acres (*cuerdas*) in area, equivalent to seven hectares, eighty-six ares and seven and a half centiares, situated in the Ward of Barrancas in the Municipality of Barran-quitas, and bounding: on the North, with a brook separating it from lands of the heirs of Gabriel Negrón; on the South, with Eulogio Sierra; on the East, with Ricardo Martínez; and on the West, with the said heirs of Negrón.'

"The court agreed to decree and hereby decrees the attachment of the above-described property to answer for the sums claimed in the complaint and set forth in the statement of the grounds for this order. The secretary is to issue the corresponding writ to record the attachment addressed to the Hon. Registrar of Property of Guayama, P. R.

"Issued in Guayama, P. R., October 9, 1931.—(Signed) Gabriel Castejón, Judge of the District Court.

"THEREFORE: The Registrar of Property of Guayama, P. R., is by these presents ordered to execute the provisions of the transcribed order.

"Issued by order of this court and under its official seal, in Guayama, P. R., today, October 10, 1931.—(signed) Tomás Pagán Colón, clerk of the District Court of Guayama, P. R. (There is a stamp that reads: District Court, Guayama, P. R.)."

The registrar of property refused to record the attachment on the following grounds:

"The record of attachment requested is denied on the ground that the attachment of the property in this case was not decreed by the District Court of Guayama, nor was the same levied by the marshal of said Court, and in consequence whereof the clerk lacks authority to order the entry thereof in the Registry, and we take in its stead a cautionary notice for the legal period in behalf of the plaintiff García y González."

The interested party remitted to the registrar copies of the complaint and of the motion to secure the effectiveness of the judgment, but the registrar persisted in his refusal. He then took an appeal to this Court.

It would be sufficient to cite the case of *López* v. *Martínez*, 45 P.R.R., to revoke the decision appealed from, wherein in following the decisions in the cases of *Battle* v. *Registrar of San Juan*. 30 P.R.R. 639, and *Santini Fertilizer Co.* v. *Registrar*, 36 P.R.R. 19, and *Ochoa Fertilizer Co.* v. *Registrar*, 43 P.R.R. 600, the following rule was established:

''Where an attachment is decreed by the court to secure the effectiveness of the judgment that may be rendered, the order to levy the attachment by an entry thereof in the registry flows from the court and may be executed through a writ to that effect by the clerk directly to the corresponding registrar or marshal, as is done in the usual run of cases.''

The registrar argues in his brief that:

''One does not enter in the Registry of Property writs of attachment nor orders to record an attachment. These are merely the documents on which a Registrar bases his actions. What the Registrar may record, in accordance with the law, are attachments on real property that have been levied and perfected, or in other words, 'writs of attachment which have been levied on real property.' That is what the second paragraph of Section 42 of the Mortgage Law authorizes. It is true that Section 9 of the Law to Secure the Effectiveness of Judgments provides that 'the attachment and order prohibiting the alienation of real property shall be effected by entering it in the Registry of Property,' etc. In our opinion, the provisions of this law should not be extensively construed to such an extent that they may involve a modification of or amendment to the provisions of the Mortgage Law, furthermore, when by express provision of this last legislation, already expressly approved by a judgment of this Hon. Court, it can only be amended expressly (See Section 413 of the *Mortgage Law,* and *Giménez* v. *Brenes*. 10 P.R.R. 124).

''The meaning of the aforesaid legal provision was explained by Section five of 'AN ACT Relating to judgments and the manner of satisfying them' of March 9, 1905, providing that 'In an order to make a levy on immovable property it shall not be necessary for the officer to go upon the ground, but it shall be sufficient for him to endorse such levy on the writ, 'and he shall send a copy of such writ, with the endorsement thereon, to the Registrar of Property of the district wherein the property is situated, to be noted in the Registry of Property.' ''

And he continues arguing his point of view aptly. Never-theless, his decision should be reversed.

It was with great doubts, especially on the part of some of the judges, that this Court reached the decision in the case of *López* v. *Martínez, supra.* The Court bore in mind the rule followed for years by thousands of cases, the confusion that a reversal would imply, the annulments that would be requested and would have to be granted, and finding that said practice could be supported in accordance with the express provisions of the special law on that matter, it was sustained and shall continue to be sustained unless the Legislature amends the statute. Assurance in the judicial proceedings is one of the characteristics of a well organized society.

The law concerning the effectiveness of judgments is in force since 1902. It has been published lately in pages 96 to 102 of the Code of Civil Procedure, 1933 ed. It is a special and independent law applied daily by the courts. It provides expressly the manner in which attachments decreed under its provisions shall be levied. In respect to realty it "shall be recorded in the Registry of Property."

And the practice has been: the interested party prays to secure the effectiveness of the judgment, the court decrees it, if it lies, through an attachment, and the attachment is levied, if on realty, by a record in the Registry of Property.

All the realty in the Island is or should be recorded in the Registry. There is or should appear all the history thereof. And the truth is that having such a well organized system, the legal provision was adequate.

After suit has been filed the plaintiff prays the court to decree the effectiveness of the judgment requested. If the court is of opinion that it lies, and after requiring or not requiring a bond, as the case may be, it may adopt one of the several measures provided for in the statute, amongst them the attachment of the realty of the defendant. Once it is decreed the clerk of court notifies the Registrar of the

order of the court through a writ and the latter executes it by entering the attachment in the record kept in the Registry of Property. All the world is thereafter notified of the existing lien on the property. It is, truly, the easiest and most efficient practice imaginable.

We are not dealing with an amendment to the Mortgage Law. We are dealing with a new procedure, a new duty imposed on the Registrars, and the Legislature has sufficient authority to accord it. And the manner adopted for the accord is the instant one.

The decision appealed from is reversed.